**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 06-840 |
| | : | Hon. Faith S. Hochberg, U.S.D.J. |
| v. | : | |
| | : | |
| HERMINIO FLORES SANTIAGO, | : | **OPINION AND ORDER** |
| a/k/a "Choco," | : | |
| ISMAEL FLORES SANTIAGO, and | : | |
| ALICIA CUAHUTLE FLORES | : | |
| | : | |
| | : | |
| Defendants. | : | January 30, 2007 |
| | : | |

    This matter having come before this Court by a Motion to Suppress Evidence dated November 27, 2006, and following oral argument on December 19, 2006; and

    it appearing that Special Agent Angelo Valentino of the United States Immigration and Customs Enforcement ("ICE") appeared before Magistrate Judge Patty Shwartz on April 27, 2006, in connection with an affidavit he had entered to support the United States' application for search warrants for various locations throughout New York and New Jersey, where trafficking and smuggling of prostitutes were believed to be taking place; and

    it appearing that, based on the information Agent Valentino provided, Judge Shwartz issued a search warrant for 521 40th Street, Second Floor in Union City, New Jersey; and

    it appearing that, upon the execution of the warrant obtained by Special Agent Valentino, ICE agents seized evidence – including unused condoms, empty condom wrappers, tablets of Gynovin (Mexican-manufactured birth control not available in the United States), ledgers, thousands of dollars in cash, and receipts for money transfers to Mexico – from 521 40th Street;

and

it appearing that this evidence led to the arrest and indictment of defendants Herminio Flores Santiago, Isamel Flores Santiago, and Alicia Cuahutle Flores; and

it appearing that this evidence is now the subject of a Motion to Suppress Evidence brought by defendants; and

it appearing that a district court does not review the sufficiency of a search warrant affidavit de novo, but that it should give "great deference" to any initial probable cause determination, and that this Court need only determine whether Judge Shwartz had a "substantial basis" for concluding that there was "a fair probability" that evidence of a crime would be found at the location specified, see Ornelas v. United States, 517 U.S. 690, 698-99, 702 (1996); Illinois v. Gates, 462 U.S. 213, 236-38 (1983); United States v. Zimmerman, 277 F.3d 426, 432 (3d Cir. 2002); United States v. Whitner, 219 F.3d 289, 296 (3d Cir. 2000); and

it appearing that evidence seized during the execution of such a judicially-ordered search warrant will not be suppressed if the officers acted in "good faith," unless a "reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization," United States v. Leon, 468 U.S. 897, 923 (1984); see also United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents, 307 F.3d 137, 145 (3d Cir. 2002); and

it appearing that the Third Circuit has set forth four situations where the good faith exception has not been allowed: (1) where the magistrate judge issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) where the magistrate abandoned her judicial role and failed to act in a neutral and detached manner; (3) where the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence

entirely unreasonable"; or (4) where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized, United States v. Zimmerman, 277 F.3d 426, 436-37 (3d Cir. 2002); and

it appearing that Defendants in this case allege only the third Zimmerman situation, that the affidavit proffered by Agent Valentino was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and

it appearing that the facts of this case are markedly dissimilar from those few cases which have been classified as meeting the high bar set by the third Zimmerman situation, in that the affidavit here was made in a timely fashion (in that it described events that had been observed by police within the prior month)[1] ; accurately described the objective of the search and provided evidence to support that objective (the warrant sought to recover evidence of sex trafficking, and the affidavit proffered observations from federal agents of behavioral patterns linked to sex trafficking exhibited by suspected residents of the location, as well as physical evidence from a trash bin adjacent to the location)[2]; and accurately described the location to be searched and

---

[1] In Zimmerman, the only evidence presented in the affidavit that pornography was present in the home consisted of the statements of two people who contended that pornography had been spotted there more than six months prior to the date of the warrant. 277 F.3d 426 at 437. The court ruled that the information in the affidavit was "stale" and that any reasonable officer would have been aware of this deficiency; as such, the items seized during the search did not qualify for the good faith exception. Id. at 438.

[2] The warrant in Zimmerman was also considered defective because it sought to search for adult and child pornography, though the affidavit made no mention of any person observing child pornography in the home. 277 F.3d 426 at 437. The court indicated that, as the affidavit contained "no evidence whatsoever to support a search for child pornography," it would have been clear to a reasonable officer that a warrant based on such an affidavit was deficient. Id. at 438.

proffered evidence linking the location to the alleged crime[3]; and

it appearing that it was therefore not "unreasonable" that an officer would believe the affidavit supported Judge Shwartz's finding of probable cause and was consequently sufficient to support a search;

IT IS therefore, on this 30th day of January, 2007,

ORDERED that the Motion to Suppress Evidence is DENIED.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

[3] In United States v. Hove, 848 F.2d 137, 139-140 (9th Cir. 1988), the affidavit failed to link the defendant in any way to the particular residence for which the warrant was issued and "[did] not offer an explanation of why the police believed they may find incriminating evidence there." Id. at 139. The court ruled thus ruled that official belief in the validity of the affidavit and the warrant was thus "unreasonable." Id.